Leocadia Kittner, Appellant, et al., Plaintiff, v Leslie Allen et al., Respondents. [875 NYS2d 525]—In an action to re-

cover damages for personal injuries, the plaintiff Leocadia Kittner appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 4, 2008, as granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied her cross motion for summary judgment on the issue of serious injury.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Leocadia Kittner and substituting therefor a provision denying the defendants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Leocadia Kittner (hereinafter the plaintiff) allegedly was injured in an automobile accident on August 11, 2004. The plaintiff testified at her deposition that since the accident, she suffered tingling in the right arm and her right arm would get "stuck" when she uses it to do her hair.

After service of a note of issue in October 2006 the defendants moved for summary judgment based upon the plaintiff's deposition and an affirmation of a neurologist who noted that the plaintiff reported neck, back, and right shoulder pain as a result of the accident. In opposition, the plaintiff served a supplemental bill of particulars stating that she had sustained a right rotator cuff tear and was a candidate for arthroscopy, and an affirmed medical report of her treating physician quantifying loss of range of motion of the right shoulder. The defendants, in reply, claimed that the right shoulder injury was a preexisting condition, based on a reference in the plaintiff's medical records that she suffered a right shoulder strain in January 2003.

The Supreme Court erred in determining that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by the plaintiff on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). On appeal, the defendants assert that the plaintiff's injury to her right shoulder was not properly before the court because the supplemental bill of particulars asserted entirely new injuries and, therefore, was, in fact, an amended bill of particulars which could not be filed without leave of the court. This issue is unpreserved for appellate review.

Further, it is clear from the record that there are triable issues of fact with respect to whether the injury to the plaintiff's

right shoulder constituted a serious injury attributable to the accident (*see Engles v Claude*, 39 AD3d 357 [2007]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.